# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| YONG U. ("KEVIN") SO, individually and on behalf of all similarly situated persons, | } } } } | CIVIL ACTION FILE NO. _____ |
| Plaintiffs, | } } } | |
| v. | } } } | **JURY TRIAL DEMANDED** |
| GOM GRAPHICS, INC., | } } } | |
| Defendant. | } } | |

## COMPLAINT – COLLECTIVE ACTION

Plaintiff Yong U. ("Kevin") So ("Kevin So") presents the following claims on behalf of himself and all similarly situated persons against GOM Graphics, Inc. ("GOM"):

## JURISDICTION AND VENUE

### 1.

This is an action for unpaid overtime under the Fair Labor Standards Act of 1938 (the "FLSA"), 29 U.S.C. § 201 *et seq.* Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this Complaint for unpaid overtime wages pursuant to the FLSA.

2.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in the State of Georgia and within the Northern District of Georgia.

3.

Venue is also proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this Complaint occurred within the Northern District of Georgia.

## PARTIES

4.

Plaintiff Kevin So is a resident of Gwinnett County, Georgia and has been employed for GOM as a warehouse employee providing general warehouse duties from February 2018 through July 7, 2020. Kevin So was, at all times relevant, a non-exempt hourly employee. (*See*, Exhibit "A", attached)

5.

Kevin So was an employee as defined by 29 U.S.C. § 203(e).

6.

Kevin So's consent form to join this action is attached as Exhibit B.

7.

GOM is a Georgia corporation that manufactures many various types of signs

including traditional lighted outdoor signs and liquid emitting diode ("LED") signs.

8.

GOM is an employer as defined by 29 U.S.C. § 203(d).

9.

GOM may be served with summons and a copy of the Complaint in this action by delivering process to its registered agent for service of process Hee Jung Seo, 3700 Oakcliff Road, Doraville, Georgia 30340.

## **COLLECTIVE ACTION ALLEGATIONS**

10.

Kevin So brings this action on behalf of himself and all other similarly situated employees pursuant to 29 U.S.C. § 216(b).

11.

Kevin So and those similarly situated are individuals who were, or are, employed by GOM as warehouse employees or in similar positions at any time within three (3) years prior to filing this Complaint and were not paid overtime for some or all of their work activities in excess of forty (40) hours per week.

12.

Kevin So and the similarly situated individuals are similar because they were all hourly employees whose duties consisted primarily or exclusively of providing warehouse and manufacturing duties for GOM.

13.

Kevin So and the similarly situated individuals are also similar because they routinely worked in excess of eight (8) hours per day and forty (40) hours per week performing duties on behalf of GOM.

14.

Kevin So and the similarly situated individuals are also similar because GOM routinely failed to pay them overtime compensation for any hours worked in excess of eight (8) hours per day and forty (40) hours per week in violation of the FLSA, even though GOM knew that they were working in excess of eight (8) hours per day and forty (40) hours per week.

15.

GOM knowingly required Kevin So and the similarly situated individuals to work in excess of eight (8) hours per day and forty (40) hours per week without compensating them or paying them overtime compensation.

16.

GOM was aware that Kevin So and the similarly situated individuals were working time for which they were not properly compensated. For example, GOM collected time sheets from Kevin So and the similarly situated individuals that indicated they had worked more than eight (8) hours per day and forty (40) hours per week.

17.

GOM's actions were knowing and willful.

18.

Upon information and belief, the amount of time for which Kevin So and the similarly situated individuals were not paid overtime compensation (or even straight time) averages between (10) hours and twenty (20) hours per week, depending on the employee.

**COUNT I**
**Willful Failure and Refusal to Pay Overtime in Violation of the FLSA**

19.

Kevin So incorporates by reference, as though fully set forth here, the allegations contained in paragraphs 1 through 18, above.

20.

During the statutory period, Kevin So and the similarly situated individuals were employed by GOM.

21.

The FLSA requires employers to pay for all hours worked. The FLSA, 29 U.S.C. § 207 requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

22.

GOM's actions, policies, and/or practices described above violated the

FLSA's overtime requirements by regularly and repeatedly failing to compensate Kevin So and the similarly situated individuals for time spent on work activities as described in the Complaint.

23.

As a direct and proximate result of GOM's unlawful conduct, Kevin So and the similarly situated individuals have suffered and continue to suffer a loss of income and other damages. Kevin So and the similarly situated individuals are entitled to liquidated damages and also to attorneys' fees and costs incurred in connection with this claim.

24.

GOM knew, or showed reckless disregard for the fact that, it failed to pay these individuals for overtime hours worked.

**PRAYER FOR RELIEF**

WHEREFORE, Kevin So and all employees similarly situated who opt in to this action ("Opt-Ins") demand a **TRIAL BY JURY** and the following relief:

a.      Issuance of notice as soon as possible to all employees who were employed by GOM during any portion of the three (3) years immediately preceding the filing of this Complaint performing warehouse and/or related services. This notice should inform them that this action has been filed, describe the nature of the action, and

explain their right to opt into this lawsuit if they worked in excess of forty (40) hours per week and were not paid overtime compensation;

b.    Judgment against GOM for an amount equal to Kevin So's and the Opt-Ins' unpaid back wages at the applicable overtime rates for a period of three (3) years;

c.    Liquidated damages in an additional amount equal to unpaid overtime wages, calculated at the applicable hourly pay rate;

d.    Leave to add additional plaintiffs or opt-ins by motion, the filing of written consent forms, or any other method approved by the Court;

e.    Attorney's fees and costs of litigation pursuant to 29 U.S.C. § 216(b); and

f.    Any and all such further relief that this Court or the finder of fact deems equitable and just.

Respectfully submitted this 22nd day of October, 2020.

                       /s/  Steven J. Strelzik
                       Steven J. Strelzik
                       State Bar of Georgia No. 687025
                       sstrelzik@sjslawga.com
                       *Counsel for Yong U. ("Kevin") So*

Law Offices of Steven J. Strelzik, P.C.
5 Concourse Parkway – Suite 3000
Atlanta, Georgia  30328
(770) 730-2515 – Telephone
(770) 392-3303 -- Facsimile